## Joseph W. Harwood v. Daniel K. Underwood and others.

*Bill in equity construed.* The bill in this case is construed to be one for redemption from certain mortgage foreclosures.

*Proofs: Allegations.* A complainant can claim nothing upon the proofs, beyond what his bill of complaint warrants.

*Mortgages: Bill to redeem: Title.* One who shows no subsisting legal or equitable right in the property, nor any lien or charge upon it, cannot maintain a bill to redeem a mortgage.

HARWOOD *v.* UNDERWOOD.

*Levy : Execution : Lien : Title.*    The mere levy of an execution upon lands to
which the judgment debtor never had any title, and in which he never held
any leviable interest, does not constitute any lien or charge upon the lands, or
invest the execution creditor with any right or title on which to found a suit
for the redemption of a mortgage upon the same.

*Bill to redeem : Immaterial averments.*    Transactions between the parties with
reference to a sale by the defendant to the complainant, of a mortgage interest,
cannot have any force as the foundation for a bill to redeem from the mort-
gage.

*Bill to redeem : Specific performance.*    This case has not been so constituted,
or so proceeded in, as to warrant the consideration of facts tending to prove
a verbal agreement by defendant to transfer the mortgage in question to the
complainant, as facts belonging to a suit to compel specific performance of such
agreement.

*Heard October 28. Decided January 7.*

Appeal in Chancery from Lenawee Circuit.

*A. L. Millard,* for complainant.

*A. Howell* and *C. A. Stacy,* for defendant Underwood.

GRAVES, CH. J.

The complainant's counsel on the argument rested his
right to maintain the suit and uphold the decree in his
favor, on the ground that the bill was one for redemption,
and in imputing this character to the bill he was undoubt-
edly correct.

It is not perceived how any other construction could
be given to it.    Assuming this view to be correct, and
going on to examine the action, it is first of all material to
ascertain what sort of a case the complainant has set forth
as entitling himself to intervene in the character assumed.
As he has stated it, the substance of the case is, that one
Harrison Harwood, a brother, with his own means pur-
chased a described portion of a city lot in Adrian, upon
which there was a building, but in order to keep it from
his creditors he caused it to be conveyed by the grantor
directly to his father-in-law, instead of taking the title to
himself;    that Harrison Harwood nevertheless went into
possession and controlled the property ;    that at the time
of this purchase and conveyance the property was under a

mortgage from one Taylor, a former owner, to defendant Underwood, dated May 15th, 1855, for nine hundred dollars, payable in three equal annual installments, with annual interest; that some rents were derived from the building, the whole or a portion of which, by arrangement between Harrison Harwood and Underwood, were being received by the latter and applied on the mortgage; that in this state of things, and whilst Harrison Harwood was thus in actual possession, the complainant obtained a judgment against him for one thousand sixteen dollars and forty-four cents damages, and costs, on the law side of the court below; that this recovery was in July, 1856, and that an execution was forthwith taken out and levied on this lot; that both Underwood, the mortgagee, and Harrison Harwood, the execution debtor, were informed of this levy; that no other or further step was taken to enforce the judgment or obtain any benefit by legal proceedings on account of the levy; that in July, 1857, which was a year later, Underwood proceeded to foreclose the mortgage under the statute, and that this proceeding terminated by a sale to him by the sheriff for three hundred and fifty-three dollars in September, and the deposit of a deed; that in May, 1858, Underwood commenced a second time to foreclose under the statute, and pursuant to his notice the sheriff struck the premises off to him at three hundred and forty-four dollars and five cents, and gave another deed to him; that immediately after this last sale, and in August or September, 1858, and before the time for redeeming under the first sale had expired, the complainant, through another brother, Washington Harwood, who acted in that regard as his agent, inquired of Underwood whether he (the complainant) might not pay him (Underwood) the amount due on the mortgage, and take a transfer of it to secure him (the complainant) for the amount due on the judgment; that after a little delay Underwood finally suggested as a better plan, that the time to redeem should be allowed to run out, saying that all he wanted was his mortgage money, and that

he would let complainant have the land on his paying him the mortgage debt; that complainant trusted to this understanding, and allowed the time for redemption to expire; that afterwards Underwood informed Washington Harwood that complainant might have years to make payment in by keeping up the interest, but that no definite time was then agreed on; that in December, 1858, one Tomlin, a copartner of complainant, and acting for him in the matter, proceeded with Washington Harwood to call on Underwood, and then received assurance from the latter of the same nature as those theretofore given to Washington; that in January, 1857, Tomlin, in company with Washington Harwood, again called on Underwood, when it was arranged that complainant should have until the first of the following April in which to make payment, but that Tomlin should get the building insured for three hundred dollars in Underwood's name, and that in case the building should burn the insurance should apply on the amount going to Underwood; that in accordance with this arrangement Tomlin effected the insurance and delivered the policy to Underwood; that in February, the month after, the building was destroyed by fire, and the insurance recovered and received by Underwood; that afterwards Underwood, under various pretenses, put off and evaded completion of the business, and at length wholly refused to recognize any right in complainant; that Underwood sold the property to Cross and wife, who, nevertheless, when they purchased were aware of complainant's claim. The foreclosures are alleged to have been irregular and void.

The court below decreed that Underwood should pay complainant five hundred dollars, with interest from the 18th of June, 1859, and dismissed the bill as to Cross and wife. The complainant acquiesced in this decree, and Underwood alone appealed. The complainant can claim nothing upon the proofs beyond what the bill warrants. But if he could do so the evidence does not tend to make his position, upon his own theory of the case, any better than he has marked

it out by his pleading. On consideration, it is not perceived how the suit can be maintained as one for redemption. No person can go into a court of equity to redeem a mortgage who shows no subsisting legal or equitable right in or to the estate or any lien or charge upon it.—*Grant v. Duane, 9 J. R., 591; Douglass v. Sherman, 2 Paige, 358; Van Ness v. Hyatt, 13 Pet., 294; James v. Biou, Owen v. Flack, 2, Sim. & S., 600; Storg Eq. J.*, § *1023; Adams. Eq., (4 Am. Ed.,) 296; 4 Kent, 162.* And the sole title of complainant to insist on redemption, is derived from the mere levy of his execution on this land. But as the title to the land had never been in Harrison Harwood, the judgment debtor, and he had never held any leviable interest whatever, the levy was ineffectual to constitute any lien or charge, or to invest complainant with any right or title on which to found a suit for redeeming the Underwood mortgage.

Inasmuch as he was a judgment creditor of Harrison Harwood, and the statute saves to creditors the right to pursue property obtained by debtors, and with intent to defraud taken directly in the name of third persons, the complainant might unquestionably, if his own version of the facts is correct, have chosen a course by which he would have put in leading strings any interest open to judgment creditors. But he never did this. He secured no tie whatever. His proceedings were not such as to bind any thing, at law or in equity.—*Trask v. Green, 9 Mich., 358; Maynard v. Hoskins, id., 485; Gorham v. Wing, 10 Mich., 486; Garfield v. Hatmaker, 15 N. Y., 475; New York Dry Dock Co. v. Stillman, 30 N. Y., 174; Ocean Nat. Bk., v. Olcott, 46 N. Y., 12; Van Ness v. Hyatt, 13 Pet., 294.*

The other transactions narrated in the bill, if available as grounds for any legal remedy by complainant, were not suited to serve as the foundation for the remedy chosen. Taking the view of them most favorable to complainant, they point to an arrangement for a purchase of the mortgage right by complainant, and not a redemption. Indeed

some of the facts set forth, when considered in the best light for complainant, would seem to indicate that the parties verbally agreed upon a transfer of the mortgage interest by Underwood to complainant, and that this agreement was partially carried out in what occurred respecting the insurance. But they are not facts which by themselves would afford any basis for redemption. How far they might have had influence in favor of redemption, in excusing laches or in repelling or precluding objections on the part of Underwood, if the complainant had shown himself in a position to seek redemption, it is unimportant to inquire. The case obviously has not been so constituted or proceeded in as to justify the court in looking at them as facts belonging to a suit to compel specific performance of an agreement to assign the mortgage interest. I think the decree should be reversed, with costs, and the bill dismissed, but without prejudice.

COOLEY and CAMPBELL, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.