THE GRAND RAPIDS, LANSING & DETROIT RAILROAD
COMPANY v. HUBERT WEIDEN AND
CATHARINE WEIDEN.

*Certiorari—Affidavit for writ—Railroad condemnation proceedings
—Petition—Inability to secure title by purchase—
Evidence of value.*

1. On *certiorari* no errors are considered which are not made a
   ground for the allowance of the writ. *People v. Hobson*, 48 Mich.
   30; *Witherspoon v. Clegg*, 42 Id. 485.

2. Questions which do not go to the *jurisdiction* of the court to enter-
   tain railroad condemnation proceedings, and which can as well
   be raised on appeal, should not be brought up by *certiorari*.
   *Dunlap v. Railway Co.*, 46 Mich. 191; *Railroad Co. v. Backus*, 48
   Id. 582.

3. The *fact* of the inability of the railroad company to acquire title
   amicably to lands needed for right of way is jurisdictional, and
   must be alleged, and may be controverted. *Railroad Co. v. San-
   ford*, 23 Mich. 418.

4. An averment in a petition to condemn land for railroad purposes
   that the petitioner has not been able to acquire title by agree-
   ment with the owner for the purchase of the land, for the
   reason that such owner asks what the petitioner considers an
   unreasonable price, and refuses to accept the reasonable sum
   offered by the petitioner, is sufficient. *Railroad Co. v. Benham*,
   28 Mich. 460.

5. Where the answer of the respondents to a petition to condemn
   land for railroad purposes denies that the petitioner had sought
   in good faith to acquire title by purchase, or that the respond-
   ents had demanded an unreasonable price for the land, it is error
   for the court to exclude testimony offered by the respondents to
   show the value of the land in support of such denial.

*Certiorari* to judge of probate of Kent county. Argued
April 5, 1888. Proceedings vacated in part, and case
remanded, April 20, 1888. The facts are stated in the opin-
ion, as also the points of counsel.

*Eggleston & McBride,* for respondents, and petitioners in *certiorari.*

*Smith & Stevens (C. B. Lothrop,* of counsel), for petitioner, and respondent in *certiorari.*

CHAMPLIN, J.   A writ of *certiorari* was allowed and issued to the probate court of Kent county upon the affidavit of E. Seymour Eggleston, made in behalf of Hubert Weiden and Catharine Weiden, to remove and bring before this Court the record of the proceedings had in that court in the matter of the petition of the Grand Rapids, Lansing & Detroit Railroad Company to condemn lands belonging to Hubert Weiden for the purpose of constructing, operating, and repairing the proposed railroad of said company.   The petition was verified by the attorney of the company, the verification being in the form usual to verified bills of complaint in chancery.   The petition conformed to the requirements of section 3332, How. Stat., being section 18 of the general railroad law of 1873, as amended.

Copy of the petition was duly served, and notice given of hearing before the probate court on the twenty-ninth day of November, 1887, at which time Hubert and Catharine Weiden appeared, and filed a written motion to dismiss the petition, for the following reasons, to wit:

" 1.  The said petition is not sufficient to give this court jurisdiction, for the reason that it does not show that a survey on the route of said road through the city of Grand Rapids has been made as required by statute, nor that said route or line has been located in said city upon any proper survey.

" 2.  For that the act under which said petition is filed is null and void, and in conflict with the Constitution of this State, in that it authorizes the taking of lands by railroad corporations before having made compensation for the same."

The motion was overruled, and thereupon they filed an answer, as follows:

" And now come the said Hubert Weiden and Catharine

Weiden, and in answer to the said petition say that it is not true, as alleged in said petition, that the said Grand Rapids, Lansing & Detroit Railroad Company has in good faith endeavored to come to an arrangement with them (the said Hubert Weiden and Catharine Weiden) to obtain title to their said land, and it is not true that they, or either of them, demand an unjust, unreasonable, and exorbitant price for their said property; and on the contrary thereof, they say they are ready to sell said property for a fair and reasonable compensation.

"And these respondents further say that it is not true, as alleged in said petition, that the said railroad company has made a map and survey of the route of said company through said city from the north boundary line of said city to Island street in said city, and that it is not true that a map of survey of said route, such as the law requires, has been made and filed in the office of the register of deeds of Kent county; that, on the contrary thereof, no such survey has been made and filed in the office of the register of deeds of Kent county; that, on the contrary thereof, no such survey has been made, and the map so filed does not of itself furnish the means of locating and designating the property of these defendants sought to be taken under and by virtue of this proceeding."

Upon the issue so made, testimony was introduced by the respondents and by the petitioner.

Upon the first point upon which issue was made by the answer, the testimony shows that Robert T. Woodcock, in behalf of the company, entered into negotiations for the purchase from defendants of the land in question for the use of the company. Hubert Weiden understood very well that Woodcock was acting for the company, and no question was made as to his authority to so act.

The objection was that the effort to acquire title by purchase was not made in good faith, and that respondents did not ask an exhorbitant price. Mr. Mulliken was a director of the railroad company. Hubert Weiden testified that he did not know J. B. Mulliken. He was asked:

"Q. Has any one representing himself to be J. B. Mulliken made you any offer?

"A. Yes, sir.

" *Q.* Representing himself to be J. B. Mulliken?

" *A.* I could not swear to that. I will swear to one thing in this way: Mr. Robert Woodcock—I do not know whether he has anything to do with it or not—said the old man would not pay over $80 per foot for that land."

Mr. Woodcock testified that he informed Hubert Weiden prior to the sixteenth of November that the railroad company wanted to buy the lot, and asked him what was the least he would take for it, and he said $7,000, and he (Woodcock) told him that was more than he could pay,—that they would not allow him to pay over $80 per foot,—and Weiden said he would not take that. He told Weiden he was acting for the railroad company, and had more than one conversation with him. The lot had a frontage of 50 feet, and $80 a foot would make a total of $4,000.

The respondents offered testimony to show the value of this lot, and other lots in the vicinity, for the purpose of showing that the offer was not made in good faith, and also that respondents did not ask an exhorbitant price; but, on objection by counsel for petitioner, all such testimony was excluded. This was error. The testimony should have been admitted as bearing upon the question in issue.

Upon the second part of the answer, the maps were introduced, and were sufficiently definite, and complied with the provisions of the statute.

The court decided that no sufficient cause had been shown against granting the prayer of the petition; and thereupon the respondents demanded a jury to ascertain and determine the necessity for taking such lands, and to appraise and determine the damages or compensation to be allowed therefor. The court, in pursuance of the statute, ordered the sheriff of said county to make a list in writing of 24 freeholders qualified to serve as jurors, and make return of said list on November 30, at 2 o'clock P. M. A further order was made fixing the time for returning such list on the seventh

day of December, 1887, on which day, as appears by the return, the following action was had, to wit:

"STATE OF MICHIGAN, ⎱ *ss.*
  COUNTY OF KENT,  ⎰

" At a session of the probate court for the county of Kent, holden at the probate office in the city of Grand Rapids, on Wednesday, the seventh day of December, in the year 1887.

" Present, Cyrus E. Perkins, Judge of Probate.

"*In the Matter of the Petition of the Grand Rapids, Lansing & Detroit Railroad Company vs. Hubert Weiden et al.*

This day having been assigned for the return of the list of 24 freeholders of said county by the sheriff thereof, in accordance with the terms of an order of this court, and said sheriff having this day returned said list in accordance with said order, and the party demanding said jury, and said railroad company, appearing by their respective attorneys, and having alternatively stricken from said list the names of six persons each, in accordance with the statute in such case made and provided, the names of the following persons remained on said list as the jurors to try and determine the matters in issue in said matter, viz.:   Phil. Graham, B. S. Harris, I. E. Baldwin, Samuel Sears, Chas. Petersch, David Arnott, A. C. Prince, Thos. M. Peck, John L. Curtiss, William Kramer, E. J. Herrick, and William Kortlander.

" Writ of *certiorari* from Supreme Court served.

"CYRUS E. PERKINS, Judge of Probate."

The affidavit for *certiorari* was sworn to on the fifth day of December, 1887, and the writ was allowed on the same day. In the affidavit upon which the writ was allowed, only three errors are assigned, as follows, namely:

" 1. Said court erred in overruling the objection made to the sufficiency of the allegations contained in said petition to give said court jurisdiction of the proceeding.

" 2. Said court erred in refusing to admit evidence of the market value of the property in question, and of the prices that the petitioner and others were paying for the lots upon the same block.

" 3. Said court erred in overruling the motion of the respondents to dismiss the petition in this cause for the reason that said railroad company had made no survey of the route in the city of Grand Rapids, and had not made and

filed in the office of the register of deeds of Kent county any map or survey of said route through Kent county or the city of Grand Rapids, such as is required by law."

The only questions that can be decided in this Court are those which are raised by the above assignment of errors. We cannot go outside to find other errors not assigned, and raised here for the first time. In the case of *People v. Hobson*, 48 Mich. 27, 30 (11 N. W. Rep. 771), Mr. Justice CAMPBELL said:

" It is also well-settled practice that on *certiorari* no errors are considered which are not made a ground for the allowance of the writ."

That was a criminal case, and illustrates how strictly the practice is adhered to. See, also, *Witherspoon v. Clegg*, 42 Mich. 485 (4 N. W. Rep. 209).

The first error assigned is the overruling of the objection made to the sufficiency of the allegations contained in the petition to give said court jurisdiction of the proceeding. This assignment does not state what the objection taken was, but the affidavit states what the objection was, and says that respondents made and filed their objections to the petition,—

" Claiming that the allegations therein contained were not sufficient to confer jurisdiction upon said court, a copy of which is hereto attached, and marked ' A.' "

Exhibit A has been above set forth, and is the motion to dismiss, based upon two reasons, the first alleging insufficiency of the map filed, and the second the unconstitutionality of the law. Neither of these grounds are available at this time, and the first assignment of error should be overruled. The point that the law is unconstitutional for the reason stated is prematurely raised, and we do not pass upon it. *Railroad Co. v.Backus*, 48 Mich. 582 (12 N. W. Rep. 861).

The third assignment of error is based upon the first reason in support of the motion to dismiss, and is virtually the same as the first assignment, and should be overruled for the same

69 MICH.—37.

reason upon which that is held untenable.   The return shows a sufficient compliance with the law in the map and survey filed in the office of the register of deeds of Kent county.

The second error assigned has merits. Section 3331, How. Stat., provides:

"In case any railroad company is unnable to agree for the purchase of any real estate   *   *   *   required for the purpose of its incorporation, it shall have the right to acquire the title to the same in the manner and by the special proceeding prescribed in this act."

And the next section prescribes the proceedings, and says, among other things, that the petition shall state—

"That the company has not been able to acquire title thereto, and the reason of such inability."

We have held that the fact of the inability to acquire title amicably was jurisdictional, and must be alleged, and may be controverted. *Railroad Co. v. Sanford,* 23 Mich. 418. The petition alleged—

"That your petitioner has not been able to acquire the title to any of said property by voluntary conveyance or for such price or sum as your petitioner is willing to pay, or for such price or sum as your petitioner believes it ought of right to pay therefor. .

"That the persons hereinafter named, claiming the title in fee to said property, refuse to grant the same to your petitioner upon just and reasonable terms, but, on the contrary, demand unjust, unreasonable, and exorbitant prices for said property, and absolutely refuse to grant to your petitioner the property so required as aforesaid, except upon the payment of exorbitant prices therefor.

"That your petitioner has endeavored in good faith to come to an agreement with the parties hereinafter named who own or have, or claim to own or have, estates or interest in said lands and premises; but that, by reason of the unjust, unreasonable, and exorbitant demands of said parties as aforesaid, your petitioner has been unable to acquire the title to any of said property."

No point was made in the court below upon the sufficiency of this allegation, and no error is assigned in the affidavit

that it is insufficient. The fact that the company has been unable to acquire title by agreement is alleged. The law does not require the petitioner to state the facts concerning the negotiation, what offers were made, or what offers were declined, but it requires only the reason of the inability of the company to acquire title thereto; and this the petitioner has done in the same form and effect as has been the universal practice since the general railroad law has been enacted, as an examination of the records of cases in this Court in condemnation proceedings will show. Its sufficiency has never been hitherto questioned. In the case of *Railroad Co. v. Sanford*, 23 Mich. 418, it was pointed out that the fact of treaty was jurisdictional, and might be controverted; but no intimation was made that the allegation was not sufficient, as there alleged. In *Railroad Co. v. Benham*, 28 Mich. 460, the petition is set out in full in the report of the case, and the allegation therein is as follows:

" And that your petitioner has not been able to acquire title thereto by agreement with the owner for the purchase thereof, for the reason that such owner asks for the same what your petitioner considers an unreasonable price, and refuses to accept the reasonable sum which your petitioner has offered therefor."

This Court said:

" The petition we think sufficient in form and substance."

Since the date of that opinion the petition so approved has been regarded as a precedent which has received the sanction of this Court as to its sufficiency in form and substance. I can see good reason for setting up in the petition the particulars of the negotiation. The statute only requires that the reason of the inability should be set forth in the petition, and the reason is a deduction from the facts, and not the facts themselves.

I think the allegation was sufficient. The fact being controverted, the court erred in excluding the testimony offered

to prove value. It was only by showing the value that the question whether an effort to acquire the title by agreement, or whether the owner asked or demanded an unjust, unreasonable, and exhorbitant price for his land, could be determined. By comparing the sum offered with the price asked, and with the value of the premises, the court would be enabled to determine whether the allegations of the petition were true; and if he found there had not been a fair offer made, or a good-faith effort to acquire the title by agreement, he would have dismissed the petition. It is difficult to see how he could exercise a sound judicial discretion, or form a correct judgment, without the aid of the testimony excluded. The testimony, if received, might or might not have changed the result, according as it impressed the court as to the *bona fides* of the effort to acquire the title by agreement. The respondents had a right to introduce it, and it was the duty of the court to fairly consider and weigh such testimony in reaching his conclusion whether cause had been shown against granting the prayer of the petition or not.

As this error would have been fatal on appeal, it is proper that the question should be brought before us at the earliest opportunity. But questions which do not go to the jurisdiction of the court to entertain the proceedings, and which can as well be raised on appeal, should not be brought up on *certiorari*. *Railroad Co. v. Backus*, 48 Mich. 582 (12 N. W. Rep. 861) ; *Dunlap v. Railway Co.*, 46 Id. 191 (9 N. W. Rep. 249).

The order adjudging that no sufficient cause has been shown against granting the prayer of the petition, and all subsequent proceedings, must be reversed, vacated, and set aside, and the record remanded, with instructions to the probate court to admit the excluded testimony, and hear what cause respondents can show against granting the prayer of the petition, and proceed in conformity to the statute, and the views herein expressed.

At least four days' notice must be given to the attorneys of respondents of the further hearing upon the issue raised by the answer to the petition.

The plaintiffs in *certiorari* will recover their costs in this Court.

SHERWOOD, C. J., and MORSE and LONG, JJ., concurred.

CAMPBELL, J.   I concur in the result.