STATE EX REL. COLEMAN ET AL. v. DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT IN AND FOR DEER LODGE COUNTY.

[Submitted June 5, 1894. Decided June 11, 1894.]

ROADS TO MINING CLAIM—*Condemnation procedure—Constitutional construction.*
The provisions of section 15, article III, of the constitution that the necessity for, and the damages occasioned by, the opening of private roads shall first be determined by a jury, does not abrogate sections 1495 et seq. of the general laws, granting to the owners of mining claims a right of way across the claims of others, and providing for the assessment of damages by commissioners, but merely modifies the statute as to the method of determining the damages, leaving the jurisdiction and procedure in other respects unchanged.

ORIGINAL PROCEEDING. Application for writ of mandate to compel a district court to entertain a petition to open a private road across a mining claim. Writ granted.

*George B. Winston,* and *W. W. Dixon,* for Relators.

*C. P. Connelly,* for Respondent.

Per CURIAM.—Application for writ of mandate to the judge of the district court of the third judicial district within and for Deer Lodge county.

It appears that relators filed with the clerk of said court a duly verified petition, as follows:

"IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF MONTANA IN AND FOR THE COUNTY OF DEER LODGE.

WILLIAM COLEMAN AND THOMAS McGUIRE,
　　　　　　　　　　　Plaintiffs,
　　　vs.
WILLIAM LORENZ,
　　　　　　　　Defendant.

"The plaintiffs complain of the defendant, and allege: 1. That, at all the times hereinafter mentioned, the plaintiff William Coleman had declared his intention to become a citizen of the United States, and that the plaintiff Thomas McGuire was, at all the times hereinafter mentioned, a citizen of the United

States, and that the plaintiffs were, at all the times hereinafter mentioned, and are now, citizens and residents of the county of Deer Lodge in the state of Montana. 2. That the plaintiffs are, and have been since April 4, 1894, the owners of, and are in the peaceable and quiet possession of, the following described mining claim, situated and lying in the county of Deer Lodge, in the state of Montana, to wit, the Alice placer claim, which is located about five miles from the city of Anaconda, in said county of Deer Lodge, in a westerly direction, and on Warm Springs creek, and in section number twenty-five, in township number five, north of range twelve west. 3. That the defendant occupies a certain mining claim, located just east of the mining claim of the plaintiffs above described, which is described as follows, to wit: Beginning at a point from which a certain notifications take set upon the premises bears south 62 degrees east, 400 feet distant (said notification stake is located north 30 degrees 55 minutes west from the quarter section corner, between sections 25 and 36, in township five, north of range twelve west, and is 1,424 feet distant therefrom), thence north 28 degrees east 700 feet, thence south 62 degrees E. 800 feet, thence south 28 degrees W. 1,700 feet, thence N. 62 degrees W. 800 feet, thence N. 28 degrees E. 1,000 feet to the place of beginning, the said claim being situated in the southwest quarter of section 25, in township five, north of range twelve west, in the county of Deer Lodge, in the state of Montana. 4. That the location of the said claims with reference to each other is shown by and on the map hereto attached, marked 'Exhibit A,' and made part hereof, and is hereby referred to for a more particular description of the said claims. 5. That the said mining claim of the plaintiffs is so situated that it cannot be conveniently worked, and in fact cannot be worked at all, without a road thereto, which road must necessarily pass over and across the said mining claim occupied by the defendant, above described, which road must be at least twelve feet in width, and must pass over the said claim occupied by the said defendant, from east to west, the said road being particularly described and marked out on the map hereto attached, marked 'Exhibit A,' and made a part of this petition, the said proposed road being designated on the said map as 'Road No. 1.' 6. That the said

plaintiffs heretofore, on the ninth day of April, 1894, at the city of Anaconda, in the county of Deer Lodge, in the state of Montana, requested of the said defendant that he give them, the said plaintiffs, a road and right of way over and across the said mining claim occupied by him, for the purpose of working the claim of the plaintiffs, and on the said day tendered to the said defendant the sum of one hundred and fifty dollars to cover all damages which he, the said defendant, might suffer by reason of the said road passing over and across the said claim occupied by him, but the said defendant refused to accept the said sum, and refused, and still does refuse, to allow the plaintiffs to pass over the said claim occupied by him, and said right of way has not been, and cannot be, acquired by agreement between the plaintiffs and defendant herein.    7. That unless the plaintiffs are granted a right of way over and across the said claim occupied by the said defendant it will be impossible for them to work the said claim, for the reason that the only accessible route to their said claim is over and across the said claim occupied by the defendant.    8. That the plaintiffs are now working on their said claim, and intend in good faith to work the same. Wherefore, the plaintiffs pray that the court award them a road and right of way over and across the said claim occupied by the defendant, for the purpose of enabling them, the plaintiffs, to work their said claim; that the court appoint three disinterested persons, residents of the said county of Deer Lodge, to assess the damages resulting to the defendant, and the said claim occupied by him, by reason of the said road passing over the said claim, and for such other and further relief as to the court may seem proper.

"GEO. B. WINSTON,

"Attorney for Plaintiffs."

And thereupon presented the same to and prayed the judge of said court to issue a citation to defendant, and otherwise proceed to determine the necessity for, and the damage occasioned by, and award, a right of way on payment of such damage, according to the prayer of said petition, pursuant to the provisions of sections 1495, et seq., division 5 of the Compiled Statutes. That the judge of said court, on consideration of

the petition in connection with the provisions of said statute, and section 15, article III, of the state constitution, declined to proceed in the premises, holding that said statute was abrogated by the provisions of the constitution cited; and that the legislature having since made no provision for opening roads pursuant to the terms of the constitution the court had no jurisdiction to grant the relief prayed for.

On consideration of this question, somewhat prepared for by consideration of other similar, and as serious, questions presented to this court since the inauguration of the state government under the constitution, we reach the conclusion that the view held by the learned judge of the district court should not be sustained.   It clearly appears from the provisions made in that regard that it was the policy of both Congress, as manifested in the enabling act, and of the framers of the constitution, to preserve in force the body of the statute law on the various subjects of governmental regulation, enacted through a course of years of territorial existence as statutes of the state, except in so far as those statutes were "modified or changed" by the enabling act, or by the constitution of the state. (See Enabling Act; Const., art. XX, § 1.)  We think no fact in the scheme for change from territorial to state government is more plainly manifest than that such was the policy of congress and the constitutional convention.   This construction keeps well intact the system of government, and the body of the statutes necessary thereto, until the same are repealed or supplanted by other future enactments; whereas, the other view would wholly sweep away the statute law on any subject wherein the constitution made a change in any respect, and would leave that subject void of legislation until the necessary statute law was supplied by future enactments.   Thus, under that view, the grand jury system provided for by the statute, instead of being merely modified by reading into the statute the constitutional provision of " seven" in place of "sixteen," would have wholly disappeared from the statute until replaced by legislative action.   (*State* v. *Ah Jim,* 9 Mont. 167; *State* v. *Kenney,* 9 Mont. 228.)   This would have been destructive of government, and extremely disastrous to the well-being of the people of this jurisdiction.

Upon the subject immediately under consideration the constitution provides that the question of necessity for, and amount of damages occasioned by, the opening of such road shall be determined by a jury, instead of being determined by the judge and commissioners, as provided by statute. Otherwise the statute provides a method of procedure in such cases not inconsistent with the constitution. It gives jurisdiction to the court, and prescribes a method of procedure, but the constitution modifies this statute by eliminating the commissioners mentioned, and substituting a jury, with power vested in the jury to determine the necessity of the road, and compensation to be awarded if the right of way is granted. By application of the interpretation giving sway to the paramount provisions of the constitution the statute law remains in force, as modified by the constitution, in obedience to the provisions of the act of Congress and the constitution, thus preserving the continuity of a fully developed system of government in passing from territorial existence to statehood. We are clearly of opinion that the court should proceed to administer the law under consideration in conformity with this view.

Ordered that the writ issue, accompanied by a copy of this opinion, with directions to proceed according to the views herein expressed.

All concur.