BUTTE, ANACONDA & PACIFIC RAILWAY COMPANY, RESPONDENT, *v.* THE MONTANA UNION RAILWAY COMPANY, ET. AL., APPELLANTS.

[Submitted June 19, 1895. Decided July 29, 1895.]

RAILROADS— *Crossings—Changing grades—Storage tracks.*—The right of a railroad to cross the tracks of another road will not be defeated merely because the crossing will require the grade of the latter's road to be raised a foot and a half at one point, where the crossing at such point is wholly practicable and the grade is made necessary by the distance and grade between other crossings. Nor will the right to so cross be defeated merely because it will somewhat curtail the latter's storage tracks.

SAME—*Crossings—Switches—Changing right of way.*—Where the district court had directed the plaintiff railroad which was seeking to cross the defendant's track at a point where it maintained a "three throw" switch, to move the defendant's switch North so as to allow the plaintiff's road to cross one track, instead of three, of the defendant's, and to procure title for the defendant road to the new ground necessary for the changed right of way, such order will be modified on appeal so as to require the plaintiff road to swing its road further to the north, and make if necessary, three crossings beyond the switch and thereby obviate the necessity of moving the defendant's switch off of their present right of way.

*Appeal from Third Judicial District, Deer Lodge County.*

ACTION by a railroad company to obtain an order permit-

ting it to cross the tracks of another road. Judgment was rendered for the plaintiff below by BRANTLEY, J. Modified and affirmed.

*Shropshire & Burleigh* and *Forbis & Forbis*, for Appellant.

*M. Kirkpatrick*, *W. W. Dixon* and *William Scallon*, for Respondent.

HUNT, J.—This case may be considered with reference to that of *Butte, A. & P. Ry. Co.* v. *Montana Union Ry. Co.*, *ante*, page 504.

The formal averments as to the corporate existence of the parties are the same, and like questions of the character of the use of the plaintiff's tracks arise.

The more direct object of this suit is for an order permitting plaintiff to construct certain crossings for its own railway, switches and side tracks, over the main line, switches, side tracks and spurs owned and controlled by the defendants, in and about the various smelting and concentrating works of the Anaconda Mining Company, situated north and east of the city of Anaconda.

The Butte, Anaconda & Pacific Railway Company wishes to reach the same objective points, mining and smelting works, that the Montana Union tracks extend to. To accomplish this, certain crossings of the Montana Union tracks must necessarily be made. The letters A, B, C, D, E, F, G, H, I, J, K, L and M show upon the map the points where plaintiff asks leave to cross, and the localities involved.

That the switches, side tracks and spurs of defendants and plaintiff are alike public highways, and that plaintiff has a right to cross, intersect or connect with defendants' main road, spurs and switches, in the manner provided by law, is decided by the opinion in the former case cited. It only remains, therefore, to inquire into the facts with a view of determining whether the crossings and intersections are made in a manner most compatible with the greatest public benefit and the least private injury.

The learned judge of the district court, accompanied by a civil engineer representing each party, made a careful personal inspection of the ground upon which the tracks are situated. He was thus enabled to critically apply the somewhat technical explanations of the witnesses to the physical objects directly in front of him. In his opinion, made part of the record, the crossings asked for were practicable. Certain of them, G and H, were disallowed, because to cross at the point G would carry with it the right to run a side track from F to G, longitudinally for some feet with defendants' tracks and upon their roadbed. This question was reserved. But no complaint being made by the respondent, the order of the court in this respect need not be considered. The order, in considerable detail, regulated the construction and location and method of operation of each switch. At one point, D, the Montana Union grade was raised a foot and a half, or a little more. It appears that the crossing in this manner is wholly practicable, and that the grade is necessary by the distance and grade between the triple crossings at C and D. Appellants object to other crossings, E and F especially, because they somewhat curtail appellants' storage trackage. But this was not so serious an inconvenience as to outweigh the legal rights of the respondent.

At the point J appellants had what is termed a "three-throw" switch, made of movable rails connecting the Montana Union track going up the grade towards mining works with three prongs. To have crossed the movable rails would have been a great injury to the appellants by preventing the use of their movable rails. To put the crossing further east plaintiff would have had to cross three tracks of defendants to reach the Anaconda works. The court, after seeing and considering the exact situation, ordered the plaintiff, at its expense, to move the defendants' switch north so as to allow respondent to cross one track, and not three, of the defendants'. The principal objection to this crossing seems to be the order of removal of appellants' tracks off their ground, rather than to any inconvenience or injury which may ensue there-

from.   But it looks to us as if the crossing ordered would be made with less possible injury to appellants than elsewhere, and as the plaintiff was ordered to procure a good title to defendants for the necessary space for right of way over the new ground upon which it was permitted to construct the Montana Union three-throw switch, it is difficult to understand the real merit of appellants' objection, unless it be in the fact that the proposed change in the grade would slightly increase the curvature in one of appellants' tracks.   It would seem, however, that a reduction of curvature in another track would equalize this. Nevertheless, in order to confine the plaintiff to changes of tracks within the rights of way already taken by the Montana Union, lest an unnecessary or unwarranted injury may be done by removing this switch to ground outside of that now lawfully occupied, we have concluded to modify the order of the court in relation to this crossing, by requiring the Butte, Anaconda & Pacific Company to swing its road further towards the north, and, if necessary, to make three crossings of the defendants' tracks beyond the switch, and thus obviate the need of moving the appellants' track off of their present occupied right of way at all.   (*National Docks, Etc., Co.* v. *State,* 53 N. J. Law, 217, 21 Atl. 570; *East St. Louis C. R. Co.* v. *East St. Louis U. R. Co.*, 108 Ill. 265; *Kansas City S. B. R. Co.* v. *Kansas City, St. L. & C. R. Co.*, 118 Mo. 599, 24 S. W. 478; *Lake Shore & M. S. R. Co.* v. *Chicago & W. I. R. Co.*, 97 Ill. 506.)

That railroad crossings are inconvenient, particularly where they are on grade, and frequent, is indisputable.   But the law in regarding railroads as public necessities has not extended its generous privileges to them altogether without some possible attending inconveniences.   Among the latter are lawful crossings, intersections and connections of a rival company legally competing for the transportation of freight.

It is therefore ordered that that portion of the district court's order and judgment which permitted the three-throw switch of the appellants to be moved off its present right of way or roadbed to the north of its location at the time of the

institution of this proceeding, be set aside, and that, unless otherwise agreed between the parties, in lieu thereof the plaintiff is ordered to move its track or tracks to a point further north, with the right to cross the several tracks of the defendants at a point easterly and at a point beyond the movable rails of the defendant company.

The cause is remanded to the district court for modification in accordance with these views, and when so modified the judgment and order appealed from will be affirmed.

*Modified and affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.