GLASS ET AL, RESPONDENTS, *v.* BASIN MINING & CONCENTRATING CO., APPELLANT.

22 151
d27 137

[No. 1025.]

[Submitted January 27, 1899.   Decided February 6, 1899.]

*Eminent Domain—Mines—Ditches—Petition for Right of Way—Sufficiency.*

1.  The right to take private property from its owner against his will, can only be invoked pursuant to law, and there must always be a rigorous compliance with the provisions of the law.
2.  Compiled Statutes 1887, Fifth Division, Sec. 1497, authorizing a mine owner to petition for a right to construct a ditch over another's claim if the right "shall not have been acquired by an agreement," requires the mine owner to make an unsuccessful attempt to come to an agreement before filing his petition.
3.  A petition by a mine owner, under Fifth Division, Compiled Statutes 1887, for a right to construct a ditch over another's claim, must allege that plaintiff attempted to come to an agreement as required by Section 1497, and failed.
4.  A petition by a mine owner under Fifth Division, Compiled Statutes 1887, for a right to construct a ditch over another's claim, does not show that he attempted to agree with him and failed, by alleging that there never was an agreement, and that plaintiff offered to do a certain act to allay defendant's apprehensions of damage to him in case the ditch was constructed.

*Appeal from District Court, Jefferson County; Frank Showers, Judge.*

ACTION by James Glass and another, composing the firm of Glass Bros., against the Basin Mining & Concentrating Company. Judgment for plaintiffs, and defendant appeals. Reversed.

*Clayberg, Corbett & Gunn,* for Appellant.

*T. E. Crutcher,* for Respondent.

We contend that under our statute it is not necessary to allege an attempt to agree. It will be observed that this writ was instituted previous to July 1st, 1895, and is governed by the law as it stood at that time. There are two statutes relative to the exercise of eminent domain. The first a general statute applicable to all purposes for which private property may be taken. (Sec. 508, First Div. Comp. Stat.) The second seems to be applicable to right of way to convey water to mines only. (Secs. 1495-1507, Fifth Div. Comp. Stat.) For the sake of argument we will concede that we proceeded under the latter statute. We insist that this statute nowhere provides as a condition precedent to suit that an effort shall be made to agree upon a price. The language used is this: "Whenever the owner or owners of any mining claim shall desire to work the same, and it is necessary, etc., to have a right of way for any of the purposes mentioned in the foregoing sections and such right shall not have been acquired by agreement," etc. The result in this case will depend on the construction the Court will place upon the words, "if such right of way shall not have been acquired by agreement." Counsel for appellant attempts to make the point that we should set out a tender of money before suit was brought. In other words, that it is imperative that we should have made an offer to buy with money.

We find nowhere in our statute that the plaintiff shall or must first make any offer either of money or other value; and he seeks to interpolate in the statute what is not there. In the construction of a statute the office of the Judge is simply to ascertain and declare what is in terms or substance con-

tained therein and not to insert what has been omitted or omit what has been inserted. (Comp. Stat., Sec. 630, p. 225; *Taylor* v. *Ashby*, 3 Mont. 248.) It will be observed that this act is analogous to the general act of eminent domain found in Comp. Stat., p. 214. And the two acts being *in pari materia* must be construed together. The general act says nothing about an offer or failure to agree and if this Court places the construction on the statute asked by counsel for appellant it would follow that a party invoking the exercise of the right of eminent domain for any other purpose than that mentioned in Section 1495, Compiled Statutes, would be under no necessity of making an offer, whereas he who proceeded under that section must make an offer, which would seem to be class legislation. All cases cited by counsel for appellant were decided under statutes requiring an effort to agree as a condition precedent. The American and English Encyclopædia of Law puts it thus: "It is in some cases also made a condition that the power shall not be exercised until the parties have attempted and failed to agree upon the price." (Am. and Eng. Ency. of Law, Vol. 6, p. 522.) Citing cases from Cal., Ill., Ind., Mass., Oregon, Penn., Ohio and Tenn.

If the Judge to whom the application is made is satisfied at the time of the appointment of the commissioners that the parties are unable to agree upon the price, it is sufficient to authorize the exercise of the power. (*Coster* v. *N. J. R. R. Co.*, 23 N. J. L. 227.) It was held in one of the cases cited by counsel for appellant that the presence at time of hearing and refusal or failure to treat is enough to constitute failure to agree. (*State* v. *Plainfield*, 41 N. J. Law, 138.) The filing of a petition shows the petitioners' election not to agree and no previous attempt is necessary. (*Ætna Mills* v. *Watham*, 126 Mass. 422.) An affidavit that parties had failed to agree implies an effort to agree. (*Tucker* v. *Erie R. R.*, 27 Pa. 281.) Substantial compliance with the statutory requirements in condemnation proceedings is sufficient. (*Charleston and S. S. Bridge Co.* v. *Comstock*, 36 W. Va. 263; 15 S. E. 69.) Need not expressly state they are unable to agree. (*Id.*)

Where the petition avers a failure to agree it is sufficient. (*Corey* v. *Chicago R. R.*, 13 S. W. Rep. 346.) Allegation of inability to agree is not jurisdictional. (*Bishop* v. *Los Angeles Co.*, 87 Cal. 226; 25 Pac. 435.) There having been no motion for new trial, nor statement, all the findings by the lower court will be presumed to have been supported by the evidence, and where none appear to have been found on an issue it will be presumed that they were found, and were in favor of the respondent. (*Mining Co.* v. *Bank*, 7 Mont. 530; 19 Pac. 210.)

**PER CURIAM.**—Proceeding by respondents (plaintiffs) to acquire a right of way over certain lands belonging to appellant (defendant) for a ditch to carry water to plaintiffs' mining plant in Jefferson county.

It is conceded that the Compiled Statutes of 1887 control. The petition alleges that petitioners own certain mining property and a certain water right; that their mining claim was so situated that it could not be conveniently worked without a flume or ditch to convey water for power purposes for a mill and concentrator of plaintiffs; that defendant is the owner of certain premises; and that to convey water to petitioners' property it is necessary that the plaintiffs should pass over and across defendant's premises. Plaintiffs then make the following allegation:

"That such right of way has not been acquired by agreement between your petitioners and the Basin Mining & Concentrating Company; that these petitioners understanding that the Basin Mining & Concentrating Company feared, that if these petitioners were permitted to build said flume over their ground, the said defendant might be deprived of water for their concentrator, by reason of the appropriation of the water of Boulder Creek by these petitioners as above set out, made the following offer in writing to said Company on the 14th day of June, 1894, to wit: 'In consideration that you will grant us the right of way for our ditch across the Hope, Darwin, Apache Chief and such other grounds of yours as it

may be necessary for us to pass over with our ditch, we agree that, in case our flume should at any time so drain the river as to deprive your Company of an amount of water equal to that now carried by your ditch or flume now connecting said river with your sump or well, we agree to construct at our expense a covered ditch from our point of discharge to your present sump or well, equal in capacity to the flume now connecting the Boulder River with said sump under your pump,'—which said offer the said defendant rejected before the filing of this petition.''

Defendant demurred to this complaint, because it did not allege that there was any attempt on the part of the plaintiffs to agree with defendant as to said right of way and compensation, and hence did not state facts sufficient to constitute a cause of action.    The demurrer was overruled.    Defendant Company then filed an answer, denying, among other things that there was ever any attempt made by plaintiffs, or any of them, to acquire any right of way over or across defendant's property by agreement between said plaintiffs and this defendant.

The replication did not deny this averment of a lack of agreement, but did deny the averments of the answer to the effect that, if a flume was constructed over the right of way plaintiffs sought, defendant's property would be endangered.

Proof was taken, and the court decided that the petitioners were entitled to the right of way prayed for.    The defendant corporation appeals from the judgment.

The principle that the strict limits of all delegated authority by which one may take the property of another must be cautiously and accurately guarded, lest private rights be unnecessarily invaded, has been announced by this Court in *Butte, A. & P. Ry. Co.* v. *Montana Union Ry. Co.*, 16 Mont. 504, 41 Pac. 248.    It finds its application in this case, where a corporation's property is sought to be devested by proceedings against its will.    It makes no difference what the instance is, though, if one invoke the right to take private property from its owner against his will, it can only be done

pursuant to law, and to make the proceeding effectual there must always be a rigorous compliance with the provisions of the statute, which points out when, in what manner, and under what conditions the appropriation sought can be made. (Cooley, Const. Lim. p. 649.)

It was provided by Section 1496, Fifth Div. Comp. St. of 1887, that if a mine could not be conveniently worked without a ditch to convey water thereto, and such ditch should necessarily pass over any mining claim owned by another, the first mine owner should have a right of way for his ditch over such other claim upon compliance with the provisions of the Compiled Statutes pertaining to the right of way to mines. Accordingly, plaintiffs were obliged to proceed under Section 1497, Fifth Div. Comp. St. of 1887, which, as far as material, is as follows:

"Whenever the owner or owners of any mine or mining claim shall desire to work the same, and it is necessary to enable him or them to do so successfully and conveniently, that he or they shall have a right of way for any of the purposes mentioned in the foregoing sections; and, if such right of way shall not have been acquired by agreement between him or them, and the claimants or owners of the land or claims, over, under, across and upon which he or they seek to establish such right of way, it shall be lawful for him or them to present to the judge of the district court of the Territory of Montana, within and for the county in which such right of way, or some part thereof, sought to be enforced is situated, or to which such county is attached for judicial purposes, a petition, praying that such right of way be awarded to him or them," etc.

This statute presupposes and requires an attempt to agree between the owners of the mining claims before the rights to present a petition to the judge of the district court can arise. (*Matter of Lockport & Buffalo R. R. Co.* 77 N. Y. 557.) The language of the statute imposes a necessity for trying to agree as a condition precedent, to be strictly observed, before the property of a mine owner can be taken. The object is,

obviously, to give both parties every fair opportunity of com-ing to terms as to the route to be selected, and the mode of using the proposed right of way, and the compensation to be allowed, before instituting suit, which usually involves delay and costs. (*Lake Shore & M. S. Ry. Co.* v. *Cincinnati, W. & M. Ry. Co.*, 116 Ind. 578, 19 N. E. 440.) Legislation of this character also rests upon the doctrine of a reluctance on the part of courts to award a remedy by eminent domain, harsh in its nature, where the same end can be effected by contract between the parties. (Mills on Eminent Domain Sec. 105.) Therefore it is that an effort to purchase the property required is made a condition precedent to condemnation. So, by the statute, these plaintiffs, claiming authority under the proceeding, must not only show affirmatively strict compliance with the law, but, inasmuch as no proceeding at all is author-ized until after an effort to agree has been made, the petition must show the fact of such effort, and its failure. (Cooley's Const. Lim. p. 649; Lewis on Eminent Domain, Sec. 357; Mills on Eminent Domain, Sec. 107; Randolph on Eminent Domain, Sec. 326.) The attempt and failure to agree are facts necessary to be averred in order to confer jurisdiction. (*Matter of Boston H. T. & W. R. Co.*, 79 N. Y. 69; *Clay* v. *Pennoyer C. Improvement Co.*, 34 Mich. 204; *Toledo, A. A. & N. M. R. Co.* v. *Detroit, L. & N. R. Co.*, 62 Mich. 564, 29 N. W. 500; *Reed* v. *O. & M. Ry. Co.*, 126 Ill. 48, 17 N. E. 807; *Lieberman* v. *C. R. T. R. R. Co.*, 141 Ill. 140; 30 N. E. 544.)

It is not essential to state the facts concerning the negotiation, or to do more than to allege that the petitioners have endeavored in good faith to come to an agreement with the defendants or owners owning or claiming to own or having estates or interests in the lands or premises over which right of way is sought, but that such efforts have failed by reason of the fact—if such be the truth—that the owner asks what petitioner considers an unreasonable price, and refuses to ac-cept the reasonable sum the petitioner has offered therefor. (*Reed* v. *O. & M. Ry. Co.*, 126 Ill. 48, 17 N. E. 807; *G. R.*

*L. & D. R. R. Co.* v. *Weiden,* 69 Mich. 572, 37 N. W. 872; Mills on Eminent Domain, Sec. 107.) No more extended allegations were made in *State* v. *District Court Third Judicial District,* 14 Mont. 476, 37 Pac. 7, where a petition to open a road across a mining claim under Section 1497, *supra,* was entertained; and by general rules of pleading we cannot see any substantial reason for requiring particulars of the negotiations to be included in the petition.

But here we have a fatally defective complaint. The allegations of the plaintiffs is that there never was any agreement, and, fearing lest defendant might be deprived of certain water, they made an "offer" by which, if defendant would grant plaintiffs a right of way across its mining claims, plaintiffs, in consideration thereof, would give defendant any water it might need for certain of its purposes. This is not an averment of a past attempt to agree upon compensation for a right of way. It is merely a recital of what plaintiffs were willing to do to allay the apprehensions which they understood defendant had in case it should allow plaintiffs to build a flume across its property. It falls far short of the requirements of the law; and for lack of jurisdiction the district court's judgment must be set aside.

Plaintiffs, in their replication, humorously allege that, if they are allowed to build the flume, they will make it secure, "and, like the deacon's shay, they will make it strongest in the weakest point." It is not the plaintiffs' flume, though, that this Court thinks should be made strongest in its weakest point, but the proceeding by which they can alone obtain the right to build the flume. However, as far as they have gone, their case is truly like the deacon's shay,—it has collapsed entirely, and, like the deacon, they are on the rock, for they are out of court.

> "End of the wonderful one hoss shay,
> *Logic* is *logic,* that's all I say."

*Judgment Reversed.*