STATE ET AL., RESPONDENTS, v. WHITCOMB ET AL., DEFENDANTS; BARBOUR, APPELLANT.

(No. 7,128.)

(Submitted May 25, 1933. Decided June 8, 1933.)

[22 Pac. (2d) 823.]

*Mr. E. G. Toomey* and *Mr. Carl McFarland*, for Appellant, submitted an original and a reply brief; *Mr. Toomey* argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. John W. Bonner,* for Respondents, submitted a brief; *Mr. Bonner* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

The plaintiff State Highway Commission brought this action to condemn a right of way over certain lands and premises for highway purposes in Lewis and Clark county. Numerous persons and corporations were parties defendant to the action. Appellant Barbour is the only one of the defendants appealing from the judgment of the trial court in this case.

Plaintiff alleged in the complaint its creation and existence, its membership, the corporate existence of the corporation defendants, the establishment of a state federal aid highway between the city of Helena and the town of Garrison in Powell county, Montana, in the year 1927, the passage of a resolution by the plaintiff commission authorizing the commencement of this proceeding, the necessity for the securing of the right of way, and the description of three separate parcels of land described by metes and bounds. Appended to the complaint as exhibits were maps showing the location and extent of the land sought to be condemned. It is alleged that the property sought to be taken was private property and that the plaintiff had been unable to acquire the same by purchase.

Defendant Barbour interposed a demurrer to the complaint, which was overruled. Immediately the court, without objection, proceeded to hear evidence in support of the complaint and on behalf of defendant Barbour.

The plaintiff, over the objection of the defendant, was accorded the privilege of reopening its case after it had once rested; it availed itself of the opportunity. The trial resulted in an order of condemnation in accordance with the prayer of the complaint, from which this appeal was perfected.

The right of way sought to be obtained proceeds along a narrow valley and canyon leading from the city of Helena

424

westward toward the Continental Divide. The defendant Barbour asserted ownership to the right of way of an abandoned line of the Northern Pacific Railway leading from Helena to Rimini. He acquired his claim to the ownership as a result of a tax deed secured from the taxing authorities of Lewis and Clark county for the sum of $65; also a conveyance from the railway company, but for what consideration paid, if any, does not appear in the record. This right of way had long since been abandoned by the Northern Pacific Railway Company—the rails and ties having been removed—and certain portions of it were being utilized for agricultural purposes. Some portions of this right of way had been sold by Barbour to adjoining land owners. The land sought to be condemned includes portions of this abandoned railroad right of way. The defendant Barbour testified that he was the owner of certain mining properties located in or near Rimini, and it was his plan at some time in the undetermined future to use the right of way so acquired for the operation of a railroad in connection with the development and operation of these mining properties.

The defendant has assigned numerous errors on this appeal. It is urged that the trial court was in error in overruling his demurrer to the complaint. He asserts that the complaint was insufficient in that it failed to disclose that the highway commission could not acquire by purchase the right of way in question.

The complaint, after referring to the land elsewhere described therein, alleged "that the said State Highway Commission of the state of Montana has been unable to acquire the same by purchase."

Section 1797, Revised Codes 1921, provides: "Whenever it shall be deemed necessary by the commission to secure the rights of way * * * and the same cannot be acquired by purchase," the commission may acquire the right of way by condemnation proceedings.

The foregoing statutory provision rendered it incumbent upon the plaintiff, in order to invoke the jurisdiction of the court in a condemnation proceeding, to disclose by appropriate

allegations in its complaint that it had been unable to acquire by purchase the right of way desired. (*Glass* v. *Basin M. & C. Co.*, 22 Mont. 151, 55 Pac. 1047.)

The burden of defendant's argument is to the effect that the allegations of the complaint in this respect amounted to a mere conclusion of law. However, with this contention we do not agree. Allegations as to why plaintiff was unable to acquire the right of way by purchase would only amount to a statement of the evidentiary facts leading to the conclusion, namely, that plaintiff was unable to acquire the right of way, which is a conclusion of fact and not of law. This court in the case of *Reed* v. *Woodmen of the World, ante,* p. 374, 22 Pac. (2d) 819, said: "Where the conclusion describes a legal status or condition or a legal offense, it would ordinarily be termed a conclusion of law; where on the other hand, the conclusion describes a condition or status not represented or designated by some definite legal term or rule, it will ordinarily be a conclusion of fact. Conclusions of fact are said to be inferences from subordinate evidentiary facts." Similar allegations under like statutes have been held to be sufficient. (*Booker* v. *Venice & Carondelet Ry. Co.*, 101 Ill. 333; *Bowman* v. *Venice & Carondelet Ry. Co.*, 102 Ill. 459; *Colorado Fuel & Iron Co.* v. *Four Mile Ry. Co.*, 29 Colo. 90, 66 Pac. 902; compare *Glass* v. *Basin M. & C. Co., supra.*)

The defendant further assails the complaint upon the ground that the lands sought to be condemned were insufficiently described. They were described by metes and bounds in three separate parcels or tracts, and in compliance with the mandate of the statute it was recited as a part of the description of each parcel of land that only a portion of the tracts owned by the several owners was being sought to be condemned in this action. Defendant argues that, since it did not appear on the face of the complaint that plaintiff intended to use a considerable portion of this abandoned railroad right of way, it being described only as so much land, the description was insufficient.

Section 9940, Revised Codes 1921, requires a description of each piece of land sought to be taken, and whether it includes

the whole or only a part of the entire parcel or tract. This requirement is met when the description is definite enough to identify the lands sought to be taken. (*Komposh* v. *Powers,* 75 Mont. 493, 244 Pac. 298; affirmed in 275 U. S. 504, 48 Sup. Ct. 156, 72 L. Ed. 396; *Interstate Power Co.* v. *Anaconda Copper Min. Co.,* 52 Mont. 509, 159 Pac. 408.)

Counsel for the defendant have invited our attention to only two authorities in support of this unique theory. In the case of *Cincinnati etc. R. Co.* v. *Danville etc. R. Co.,* 75 Ill. 113, it was sought to condemn a right of way crossing the right of way of another railway company. There the lands were described by metes and bounds, but the owner of the railroad was not made a party to the condemnation proceeding, nor was the company named or described in the petition. The case of *Toledo etc. Ry. Co.* v. *Detroit etc. Ry. Co.,* 62 Mich. 564, 29 N. W. 500, 4 Am. St. Rep. 875, involved a like situation with reference to the right of way sought, being a crossing over an existing railroad right of way. That case turned upon the attempt of the condemning company to secure an absolute title to the land, whereas the statute only authorized it to secure a right of way. The contention here made is wholly and entirely without merit.

Defendant asserts that the complaint was insufficient in failing to allege the necessity of taking the right of way for highway purposes. Contention is made by defendant that because it is only alleged that the taking of the lands for highway purposes was necessary a mere conclusion of law resulted.

The determination of the necessity of the procurement of a right of way for highway purposes is a question of fact. (*State ex rel. Livingston* v. *District Court,* 90 Mont. 191, 300 Pac. 916.) The determination of a question of fact is a conclusion of fact and not a conclusion of law. To allege the constituent facts out of which the fact of necessity arises would amount to the pleading of evidence, as distinguished from an ultimate fact. An ultimate fact is a conclusion of fact. The complaint is not vulnerable on this score.

Defendant urges the evidence was insufficient to warrant the court in finding that the plaintiff was unable to acquire the right of way by purchase. His argument proceeds along the line that it was necessary for plaintiff to make a definite offer of purchase and to secure from defendant a definite refusal. Neither an unqualified offer nor a refusal was made.

It was disclosed by the testimony of defendant's own witness that the defendant himself was approached by one Payne, an agent of the plaintiff, and that he, defendant, informed the agent that he was "really more interested in the ownership of the grade and the possession of the grade for the purposes of a railroad grade than he would be in a small settlement or any particular sort of a settlement, because there would be no way for the highway commission to pay sufficient money to build another grade, particularly through the canyon, it being a narrow canyon."

Counsel for the defendant was approached by the attorney for the plaintiff, who made inquiry of counsel as to the amount the defendant demanded for the right of way, and was informed that the sum of $5,000 was desired, to which the attorney for plaintiff responded, "That was too much money." And he further said, "I can't make any proposition, but I don't think the highway commission would give you more than $1,000." Much testimony was received on this question. It further appears that counsel for the plaintiff communicated the result of his interview with counsel for the defendant to his principal. Plaintiff apparently was unwilling to pay the amount demanded.

The provision of the statute requiring the plaintiff in a condemnation proceeding to attempt to acquire the right of way by purchase does not mean that it must be impossible to buy the right of way at any price, however large. It means that the owner must either be unwilling to sell at all, or willing to sell only at a price so large as, in the good judgment of the plaintiff or plaintiff's agents, is excessive. (*In re Prospect Park etc. R. Co.*, 67 N. Y. 371.) The object of this

statutory requirement is to give both parties a fair opportunity of coming to terms before instituting suit, which usually involves delay and costs. (*Glass* v. *Basin M. & C. Co.*, 22 Mont. 151, 55 Pac. 1047.) All that is required is a fair effort to negotiate an agreement and, upon the failure so to do, the requirements of the statute are satisfied. Under somewhat similar conditions it was held in the following cases that an inability to purchase existed within the meaning of statutes like unto our own: *Louisville etc. Ry. Co.* v. *Postal Tel. Co.*, 68 Miss, 806, 10 So. 74; *Todd* v. *Austin*, 34 Conn. 78; *Trinity College* v. *City of Hartford*, 32 Conn. 452; *Jockheck* v. *Board of Commrs.*, 53 Kan. 780, 37 Pac. 621; *Evansville etc. Ry. Co.* v. *Evansville Terminal Ry. Co.*, 175 Ind. 21, 93 N. E. 282.

The evidence was ample and sufficient to justify the trial court in finding that plaintiff could not acquire by purchase the right of way. In fact, the testimony of defendant's own witnesses leads to that conclusion.

Defendant argues that the evidence is insufficient to support the finding of the court relating to the necessity of the securing of the right of way for the highway in question. The statute requires that it be necessary to acquire a right of way; but the word "necessary," as used in the statute, does not mean an absolute necessity of the particular location, but means reasonably requisite and proper for the accomplishment of the end in view, under the peculiar circumstances of the case. (*State ex rel. Livingston* v. *District Court*, supra; *Northern Pacific Ry. Co.* v. *McAdow*, 44 Mont. 547, 121 Pac. 473.)

One of the highway engineers who was familiar with the location of the proposed highway and the surrounding conditions testified that in his opinion the necessity existed, giving various substantial reasons in support of his testimony. The defendant offered no testimony other than the fact that a highway had been built elsewhere through the same valley and the expression of a belief that the highway could be located on either side of the right of way owned by the defendant. None of the witnesses testifying on behalf of the defendant were

highway engineers or persons who gave evidence of any special skill or training entitling them to express an opinion on this somewhat technical and comprehensive question.

When the plaintiff selected its route, it did not lie in the mouth of the defendant to say that another possible route could have been selected. The plaintiff had the right to select a particular route which it deemed most advantageous. (*State ex rel. Bloomington Land & Livestock Co.* v. *District Court,* 34 Mont. 535, 88 Pac. 44, 115 Am. St. Rep. 640; *State ex rel. Livingston* v. *District Court,* supra.) The solution of the question of necessity in a given case involves a consideration of facts which relate to the public, and also to private citizens whose property is taken. The greatest good on the one hand, and the least injury on the other, are the questions of fact to be determined in passing upon the question of necessity. (*State ex rel. Livingston* v. *District Court, supra.*) The court's finding based on substantial testimony is conclusive. (Id.)

Defendant contends that maps showing the location and route of the highway were improperly introduced in evidence, in that they were not sufficiently identified. These maps, or duplicates thereof, were attached to plaintiff's original complaint. As stated, the lands were described therein by metes and bounds. Two witnesses testified that the maps conformed to the descriptions in the complaint. One of these witnesses prepared the maps. Other witnesses testified as to their being correct, one of whom was the engineer who went over the right of way in question on two different occasions. We think this identification ample, and no error was committed by the trial court in receiving the maps in evidence.

Error is assigned in the conduct of the trial in permitting the plaintiff to reopen its case for further proof. This was a matter within the sound discretion of the trial court, and we find nothing in the record indicating an abuse of this discretion.

During the progress of defendant's testimony objection was interposed by the plaintiff as to certain testimony. The

court failed to rule directly upon the objection, but received the testimony in evidence. This is assigned as error. We are unable to see wherein defendant could have been prejudiced by the court's action, in view of the fact that all the offered testimony was received; none was excluded. While it is desirable to have the trial court rule upon objections in order to preserve a proper record, nevertheless no injury was suffered in this case. Defects which do not affect the substantial rights of the parties must be disregarded, and no judgment will be reversed by reason of such defect. (Sec. 9191, Rev. Codes 1921.)

Complaint is made of the failure of the plaintiff to enter ▉ the default of one or more nonappearing defendants, and it is asserted that the judgment or order of condemnation is therefore void. The effect of entering a default would be merely to bar the defendants from participating in any subsequent proceedings. (*Yellowstone Park R. Co.* v. *Bridger*, 34 Mont. 545, 87 Pac. 963, 115 Am. St. Rep. 546, 9 Ann. Cas. 470.)

Defendant insists that error was committed by the trial court ▉ in proceeding immediately, upon the overruling of his demurrer, to trial and without the filing of an answer. Defendant made no request for further time, failed to object to the procedure, was permitted to participate in the proceedings, and allowed to offer what evidence he desired. Parties to litigation may not participate therein and conform to the procedure followed by the trial court without objection, and then be heard to complain. If the defendant desired to file answer or offer any further proof, it was for him, in the trial court, to make known his desires and object to the suggested procedure; and, if he has not so done, as here, he must forever hold his peace.

The defendant, by motion filed in this court, sought to strike ▉ out certain portions of plaintiff's brief, on the ground that the offending matters contained therein were not found in the record. The motion is sustained; but we are reluctant to impose any penalty, for the reason that only a minor portion of the brief is thus stricken. Defendant's own brief,

in certain instances and to a like degree, is subject to the same attack.

Opposing counsel have filed in this action voluminous "briefs" and apparently have lost sight of the meaning of the word. This case could well have been presented with briefs embodying everything of value contained in either, in much less space and at much less expense. The penalty inflicted by the printers is sufficient.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.

Rehearing denied June 17, 1933.