No. 12823

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

SILVER BOW COUNTY, a Body Politic
and Corporate and Political Subdivision
of the State of Montana,

                Plaintiff and Respondent,

-vs-

CARL HAFER, JR. a/k/a CARL HAFER,
and PATRICIA ANN HAFER,

                Defendants and Appellants.

---

Appeal from: District Court of the Second Judicial District,
            Honorable John B. McClernan, Judge presiding.

Counsel of Record:

    For Appellants:

        Holland and Haxby, Butte, Montana
        Robert J. Holland argued, Butte, Montana

    For Respondent:

        Gary Winston, County Attorney, argued, Butte,
        Montana
        Maurice Hennessey, Deputy County Attorney, argued,
        Butte, Montana

---

                Submitted: January 21, 1975

                Decided: MAR - 4 1975

Filed: MAR - 4 1975

_Thomas J. Kearney_
                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a preliminary order of condemnation entered in the district court, Silver Bow County, wherein the County exercised its power of eminent domain to condemn 3.64 acres of defendants' land.

The facts of the case are: On October 15, 1970, Silver Bow County initiated an action to condemn 3.64 acres of defendants' land for the purpose of improving the Bert Mooney Silver Bow County Airport. Defendants' land was needed to establish a "clear zone" at the end of the runway to comply with the present regulations of the Federal Aviation Administration.

Defendant landowners, Carl and Patricia Hafer, filed a responsive pleading admitting the County had the power to condemn land for airport purposes but denying that the County had demonstrated a necessity for the taking, and further denying that the County could establish a necessity for taking their property in fee simple absolute.

On May 9, 1974, almost four years subsequent to the filing of the condemnation complaint, a necessity hearing was held and the district court heard the testimony of two witnesses in behalf of the County--Ed DeGeorge and Charles Engdahl.

Ed DeGeorge, a county commissioner from Silver Bow County, testified the County had the power of eminent domain to condemn defendants' land for airport purposes.

Charles Engdahl, a civil engineer employed by the Federal Aviation Administration, testified the defendants' land was located within the "clear zone" approach to the airport as defined in the regulations of the Federal Aviation Administration. Further, that it was necessary to acquire this property pursuant to a grant agreement entered into between the Federal Aviation Administration and the Silver Bow County Airport. The alleged grant agreement was not introduced into evidence. On cross-examination, however, this transpired:

"Q. * * * What we are trying to determine here is, is it an absolute necessity that you take this man's land away from him? A. I don't know as I can give you a 'yes' or 'no' answer on it.

"Q. Possibly, you knew that it would be 'no'? A. If there was no other ramifications involved on the clear zone, I would say that you could say that it wouldn't be."

After hearing the evidence, the district court took judicial notice of the regulations of the Federal Aviation Administration and signed the order of necessity allowing the County to take title to the land in fee simple absolute. Defendants appeal from that order and raise this issue: Has the county demonstrated the necessity to condemn defendants' land in fee simple absolute?

The authority to exercise the power of eminent domain for county airport purposes has been delegated by the Montana legislature to the counties by section 1-801, R.C.M. 1947. However, before exercising this power, the County must first show that the taking is necessary to a public use. Section 93-9905(2), R.C.M. 1947. State Highway Comm'n v. Yost Farm Co., 142 Mont. 239, 384 P.2d 277.

It is well established that a condemning authority can not acquire a greater interest or estate in the condemned property than the public use requires. This rule in 3 Nichols on Eminent Domain § 9.2[2], states:

"It necessarily follows from the principle that property cannot constitutionally be taken by eminent domain except for the public use, that no more property can be taken by eminent domain than the public use requires, since all that might be appropriated in excess of the public needs would not be taken for the public use. While considerable latitude is allowed in providing for the anticipated expansion of the requirements of the public, the rule itself is well established, and applies both to the amount of property to be acquired for public use and to the estate or interest acquired in such property. If an easement will satisfy the public needs, to take the fee would be unjust to the owner, who is entitled to retain whatever the public needs do not require, and to the public, which should not be obliged to pay for more than it needs. * * *" (Emphasis supplied).

See also: Berry v. Southern Pine Electric Power Ass'n, 222 Miss. 260, 76 So.2d 212; Seattle v. Faussett, 123 Wash. 613, 212 P. 1085; Warm Springs Irr. Dist. v. Pacific Live Stock Co., (1921, CA9 Ore.) 270 F. 560.

In State v. Whitcomb, 94 Mont. 415, 429, 22 P.2d 823, this Court examined the requirement of necessity and stated:

"* * * The solution of the question of necessity in a given case involves a consideration of facts which relate to the public, and also to private citizens whose property is taken. The greatest good on the one hand, and the least injury on the other, are the questions of fact to be determined in passing upon the question of necessity."

Apply the balancing test of Whitcomb to the instant case, the least private injury to defendants' property occurs when the County is granted an easement to rid the "clear zone" of all obstructions, prevent the creation of future obstructions and to allow it the right of entrance and exit to insure that the safe and unrestricted passage of aircraft in and over the area is uninhibited.

Such an easement is entirely consistent with the regulations established by the Federal Aviation Administration enunciated in 14 CFR § 151.9:

"(a) Whenever funds are allocated for developing new runways or landing strips, or to improve or repair existing runways, the sponsor must own, acquire, or agree to acquire, runway clear zones. Exceptions are considered (on the basis of a full statement of facts by the sponsor) upon a showing of uneconomical acquisition costs, or lack of necessity for the acquisition.

"(b) * * *

"(c) For the purposes of this section, an airport operator or owner is considered to have an adequate property interest if it has an easement (or a covenant running with the land) giving it enough control to rid the clear zone of all obstructions * * * and to prevent the creation of future obstructions; together with the right of entrance and exit for those purposes, to ensure the safe and unrestricted passage of aircraft in and over the area." (Emphasis supplied.)

The County has not demonstrated the necessity for taking a fee simple title to defendants' property.

From what has been said heretofore, it appears the preliminary order of comdemnation should not have been issued; it is ordered dismissed.

                                    _____
                                           Justice

- 4 -

We Concur:

_____
Chief Justice

_____
Wesley Castles

_____

_____
Justices.