### WARM SPRINGS IRR. DIST. et al. v. PACIFIC LIVE STOCK CO.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1921.)

No. 3602.

1. **Eminent domain** ⊕=58—**Statutes to be strictly construed as to interest to be taken.**

Statutes authorizing the exercise of the power of eminent domain are in derogation of the common law, and their provisions with respect to the interest to be taken are to be strictly construed.

2. **Eminent domain** ⊕=317(2)—**Presumed that easement only is taken if sufficient to satisfy purpose of taking.**

Where the interest to be taken by condemnation is not expressly stated in the statute, the condemnor is presumed to take no greater interest than an easement if an easement is sufficient to satisfy the purpose of the taking.

3. **Eminent domain** ⊕=58—**Statute held not to authorize acquisition of fee-simple title for reservoir site; "lands."**

Or. L. § 7335, authorizing irrigation districts to acquire lands, rights of way, etc., by condemnation and Laws 1919, p. 193, authorizing the sale of "lands" acquired by condemnation or otherwise, does not show a legislative intent to authorize the taking of a fee-simple title for a reservoir site, as "lands" includes easements as well as lands held by fee-simple title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Land.]

---

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Eminent domain ☞317(2)—Easement only acquired for reservoir site.**

Under Or. L. § 7103, providing that in condemnation proceedings the court shall give judgment appropriating the lands, easements, etc., and section 7335, authorizing irrigation districts to acquire lands, easements, etc., by purchase or condemnation and to acquire lands and appurtenances for reservoirs, the district acquires an easement only in land taken for a reservoir site.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit by the Pacific Live Stock Company against the Warm Springs Irrigation District and others. From a decree in favor of plaintiff, defendants appeal. Affirmed.

On January 30, 1920, the appellee filed in the court below its bill against the appellants setting forth the judgment that had been entered in the same court on November 22, 1919, in the condemnation suit brought by the Warm Springs Irrigation district, which judgment on writ of error this court has just reviewed (270 Fed. 555), and alleging that the right acquired by the irrigation district in said suit was an easement only over said land, and that the judgment gave the district no right or title to the property other than the right to flood the same for reservoir purposes, whereas the said district claimed to own all the improvements on said land and the fee-simple title thereto, and the right to demise and lease said land. The appellee alleged further that the appellants were about to remove said improvements and to use the premises for their own use and benefit; that during a large part of the year a considerable portion of said land will not be flooded by the waters of the reservoir and a large amount of valuable feed and pasture will grow thereon which can be used by the appellee without interfering with the easement of the irrigation district. The answer of the appellants put in issue the claim of the appellee to rights in the premises, and alleged that the judgment in the condemnation suit gave to the irrigation district all the lands described therein in fee simple, and that the district in the exercise of that right had leased to the appellant Stanfield the lands lying above the water line of the reservoir. The court below sustained the appellee's contention as to the construction to be placed on the judgment in the condemnation suit and granted an injunction as prayed for.

Ed. R. Coulter, of Weiser, Idaho, H. C. Eastham, of Vale, Or., and Allen H. McCurtain and Thomas G. Greene, both of Portland, Or., for appellants.

W. H. Brooke and P. J. Gallagher, both of Ontario, Or., and Edward F. Treadwell, of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The appeal presents the single question whether the condemnation of the appellee's lands for a reservoir site and the payment of the sum adjudged to be due it therefor has given to the irrigation district an absolute title to the property or only an easement. The condemnation proceedings were had under general laws of the state of Oregon. Section 7103, Olson's Oregon Laws, provides that in condemnation proceedings upon the payment into court of the damages assessed "the court shall give judgment appropriating the lands, properties, rights, easements," etc., "to the corporation, and thereafter the same shall be

the property of such corporation." The act approved February 21, 1917 (Olson's Oregon Laws, § 7335), declares that an irrigation district created under the laws of the state shall have—

"the right to acquire, either by lease, purchase, condemnation, or other legal means, all lands and waters and water rights, rights of way, easements and other property, including canals and works * * * constructed and being constructed by private owners, necessary for the construction, use, supply, maintenance, repair and improvement of any canal or canals and works proposed to be constructed by said board, and shall also have the right to so acquire lands, and all necessary appurtenances for reservoirs, and the right to store water in constructed reservoirs, for the storage of needful waters, or for any other purposes reasonably necessary for the purposes of said district."

[1, 2] Such statutes are in derogation of the common law, and their provisions with respect to the interest to be taken are to be strictly construed. 20 C. J. 1222. Where the interest to be taken is not expressly stated, the condemnor is presumed to take no greater interest than an easement where an easement is sufficient to satisfy the purpose of the taking. 20 C. J. 1223. In 15 Cyc. 1018, it is said:

"And although a taking of the fee may be authorized where necessary, in the absence of express words the statute will not be so construed where its purposes will be satisfied by the taking of an easement."

In Nichols on Eminent Domain, § 150, it is said:

"It necessarily follows from the principle that property cannot constitutionally be taken by eminent domain except for the public use, that no more property can be taken by eminent domain than the public use requires, since all that might be appropriated in excess of the public needs would not be taken for the public use. * * * If an easement will satisfy the public needs, to take the fee would be unjust to the owner, who is entitled to retain whatever the public needs do not require. * * * It is universally recognized that a grant of the power of eminent domain will not be extended by implication, and that when an easement will satisfy the purpose of the grant the power to condemn the fee will not be included in the grant unless it is so expressly provided."

These principles expressed by the text-writers are abundantly supported by numerous adjudications.

[3] The appellants point to the amendment of March 3, 1919 (section 7335, Olson's Oregon Laws), which gives power to the board "to acquire either by lease, purchase, condemnation, or other legal means all lands and waters and water rights, rights of way," etc., and also to the act of February 25, 1919 (Laws 1919, c. 138) which provides that, whenever any irrigation district "shall have acquired any lands by gift, purchase, or by the right of eminent domain or otherwise," it shall have the right to sell or dispose of the same, and they contend that the omission from the second clause of the word "easements" and other interests less than the fee, and the use therein of the word "lands" alone, in connection with the grant of the power to acquire a reservoir site, shows a legislative intent to distinguish between the power given to condemn lands or any less estate in lands and the power to condemn for a reservoir site; "lands" in the latter case being used in the sense of fee simple or the entire estate in lands. We concede

that the Legislature has the absolute power to specify what interest or estate shall pass to the condemnor, and that chapter 138 of the Laws of 1919 is to be taken in conjunction with other laws of the state on the same subject. But we cannot assent to the conclusion which the appellants draw that the Legislature has by said act of 1919 distinguished between the meaning of "land" with reference to reservoirs for irrigation districts and the meaning of the same word with reference to canals and works. Chapter 138 of the Laws of 1919 was obviously not intended to define the interest in reservoir sites which a district might obtain by condemnation. Its whole purpose was to authorize a district to sell and dispose of its property, whether acquired "by gift, purchase or by the right of eminent domain." It designated all property so authorized to be sold as "lands," a comprehensive term which includes easements as well as lands held by fee-simple title. Pacific P. Telegraph-Cable Co. v. Oregon & C. R. Co. (C. C.) 163 Fed. 967.

[4] This is not to say that a fee-simple title to land may in no instance be taken by irrigation districts in condemnation proceedings under the Oregon laws, nor to say that for a dam site it may not become necessary to condemn the title to land. But for a reservoir site there can be no question that the demands of necessity are met by the condemnation of an easement. In the present case the dam site is at a distance from the appellee's land, and the land is subject only to use as a reservoir site. The ultimate question when all is said, is: What interest in land did the Legislature intend should be taken for a reservoir site? The answer, in the absence of a clearly expressed intention to the contrary, is that the intention was that there should be taken no greater interest than that which might be necessary for the purpose intended. Here there is no clearly expressed intention to the contrary.

The decree is affirmed.