**RICHMOND INVESTMENT COMPANY, Irene Ruth Woods, Mintzer Estate Company, Marin Lumber & Supply Co., and Eva Ockenden, Appellants,**

v.

**UNITED STATES of America,**
Appellee.

No. 15467.

United States Court of Appeals
Ninth Circuit.

Nov. 26, 1957.

Sherman, Peters, Elliott & Hutchins, Donovan O. Peters, San Francisco, Cal., for appellants.

Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Fred W. Smith, Attorneys, Department of Justice, Washington, D. C., Lloyd H. Burke, U. S. Atty., J. Harold Weise, San Francisco, Cal., Charles R. Renda, San Mateo, Cal., Asst. U. S. Attys., for appellee.

Before DENMAN, POPE and HAMLEY, Circuit Judges.

DENMAN, Circuit Judge.

Appellants appeal from a judgment of the district court condemning the fee of their lots of land in the City of Richmond, California, to provide housing for persons engaged in the nation's defense activities and their families, acting under the provisions of the Lanham Act, 42 U.S.C.A. § 1521 to and including § 1524.

It was stipulated that the value of the fee in the Richmond lots is as follows:

"Corner lots on Cutting Boulevard at $400.00 each.
Inside lots on Cutting Boulevard at $300.00 each.
Corner lots on streeets other than Cutting at $200.00 each.
Inside lots at $100.00 each."

and the judgment followed the stipulation.

The question the Company raises is:

"Was the Housing Administrator authorized by Congress under the Lanham Act to acquire by *condemnation*, the fee simple title absolute, in private lands instead of a lesser quantum of interest, such as lease-

hold, necessary for the *temporary wartime housing* as specifically described in said Lanham Act?

The condemning provision of the Lanham Act, 42 U.S.C.A. § 1521, provides that the Federal Works Administrator is authorized:

"(a) To acquire prior to the approval of title by the Attorney General (without regard to section 1339 of Title 10 and section 5 of Title 41), improved or unimproved *lands* or interests in lands by *purchase*, donation, exchange, *lease* (without regard to sections 40a and 34 of Title 40, or any time limit on the availability of funds for the payment of rent), *or condemnation (including proceedings under sections 257, 258, 361–386, and 258a–258e of Title 40)."* [Emphasis supplied.]

Here there is express power to condemn the "lands" of the appellants, the administrative option between "purchase" and "lease" being clearly stated.

It is not to be contemplated that Congress intended to compel the Government to take a mere lease-hold upon lots valued from $100.00 to $400.00 on which it proposed to construct buildings where a single family unit may cost $3,500.00 and multiple family unit housing may cost, say, $15,000.00 and then present the building to the lessor at the end of the war. This is made clear by 42 U.S.C.A. § 1524 providing that the "housing may be *sold* and disposed of as expeditiously as possible" and further providing for the transfer of such housing "as may be considered to be *permanently* useful to the Army, Navy or Air Force." [Emphasis supplied.]

No rule of strict construction can conceivably make a mere leasehold of the land the limits of the power of condemna-tion in the situation here, as it is clearly one for acquisition of the fee as we held in our decision in Lewis v. United States, 200 F.2d 183, 185, certiorari denied 345 U.S. 907, 73 S.Ct. 647, 97 L.Ed. 1343. Even if it were not so clear, the Administrator had the right to choose to take the fee by analogy to the rule announced in Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27. There a similar statute was construed as giving an agency of the District of Columbia such a conclusive power of choice, stating 348 U.S. at page 36, 75 S.Ct. at page 104: "If the Agency considers it necessary in carrying out the redevelopment project to take full title to the real property involved, it may do so."

Appellants rely on our decision in Warm Springs Irrigation Dist. v. Pacific Live Stock Co., 9 Cir., 270 F. 560 where we gave a strict construction to an Oregon statute providing for the condemnation of lands and water rights for an irrigation district, and upheld the district court in limiting the taking to an easement applying the rule of strict construction in eminent domain proceedings. The Oregon statute had no provision for the sale of the property condemned as in Section 1524 here. It is pertinent to our holding here that we stated at page 563:

"This is not to say that a fee-simple title to land may in no instance be taken by irrigation districts in condemnation proceedings under the Oregon laws, nor to say that for a dam site it may not become necessary to condemn the title to land. But for a reservoir site there can be no question that the demands of necessity are met by the condemnation of an easement."

The judgment is affirmed.